UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN CORLIS and
SAMANTHA HATFIELD,
individually and on behalf of all
others similarly situated,

Plaintiffs,

Case No. 25-cv-12726
Honorable Linda V. Parker

v.

BLUEWATER HEALTHCARE
NETWORK, d/b/a ASPIRE RURAL
HEALTH SYSTEM,

Defendant.
____________________________________/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 8)**

The matter before the court is a motion to dismiss (ECF No. 8) Plaintiffs' Class Action Complaint (ECF No. 1) filed by Defendant Bluewater Healthcare Network d/b/a Aspire Rural Health System ("Defendant"). Defendant argues (1) Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction under the home state exception of the Class Action Fairness Act ("CAFA"); (2) even if there is subject matter jurisdiction, the case should be dismissed or stayed under the *Colorado River* Doctrine; and (3) Plaintiffs' Complaint should be dismissed for failure to state a claim under 12(b)(6).

Plaintiffs Dawn Corlis and Samantha Hartfield ("Plaintiffs") contend CAFA did not strip jurisdiction away from the Court because it has original jurisdiction and that CAFA acts like an abstention doctrine, which instead requires courts to decline jurisdiction if one of the exceptions applies. While Defendant moves under Rule 12(b)(1), the Sixth Circuit has held that CAFA exceptions are not jurisdictional. *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 392 (6th Cir. 2016); *Clark v. Lender Processing Servs.*, 562 App'x 460, 465 (6th Cir. 2014).

The Court will address the jurisdictional argument first as it will settle the rest.

## I. LEGAL STANDARD

Motions to dismiss under CAFA's exceptions must be made within a "reasonable time" by the moving party. *See Gold v. New York Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013). Although CAFA exceptions are not jurisdictional, some district courts have analyzed the issue under Rule 12(b)(1). *See Hess v. Bed Bath & Beyond Inc.*, No. 21-CV-04099-JLR-RWL, 2023 WL 404384, at *6 (S.D.N.Y. Jan. 25, 2023). The party asserting the applicability of a CAFA exception "bears the burden of establishing" the jurisdictional elements "by a preponderance of the evidence." *Mason*, 842 F.3d at 389.

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of jurisdiction

generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Defendant brings a factual attack.

A factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When a factual attack, also known as a "speaking motion," raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* "[W]hen a defendant produces evidence challenging the factual existence of [subject matter jurisdiction], a plaintiff must generally prove [subject matter jurisdiction] with evidence, even at the motion-to-dismiss stage." *Harris v. Lexington-Fayette Urban Cnty. Gov't*, 685 F. App'x 470, 472 (6th Cir. 2017) (citing *Taylor v. KeyCorp.*, 680 F.3d 609, 613 (6th Cir. 2012); *Superior MRI Servs., Inc. v. All Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)).

## II. BACKGROUND

Plaintiffs, on behalf of themselves and others similarly situated, initiated this putative class action lawsuit on August 29, 2025, against Defendant for failing to properly secure and safeguard their personally identifiable information ("PII") and protected health information ("PHI"). (ECF No. 1 at PageID.1-2.) Plaintiffs seek damages for (1) negligence, (2) breach of implied contract, (3) breach of fiduciary duty, (4) invasion of privacy, (5) unjust enrichment, and (6) declaratory judgment. (*Id.* at PageID.5.)

Defendant is a healthcare provider with over 65 locations in Michigan. (ECF No. 1 at PageID.2.) It is also incorporated in Michigan. (ECF No. 1 at PageID.5; ECF No. 8 at PageID.79.) Plaintiffs allege that between November 4, 2024, and January 6, 2025, Defendant experienced a cybersecurity attack, exposing the PII and PHI of Defendant's current and former patients to bad actors. (ECF No. 1 at PageID.2.) Defendant sent a letter to impacted individuals on August 20, 2025, indicating that their PII and PHI may have been accessed in the breach. (ECF No. 8 at PageID.75.) Defendant attached an affidavit to its motion to dismiss asserting that of the 37,737 individuals it mailed the notice to, 36,143 reside in Michigan. (ECF No. 8-3 at PageID.110.) After notifying impacted individuals of the cyberattack, Defendant was named as a defendant in multiple class action lawsuits. (ECF No. 8-2 at PageID.100-107.) The Defendant is a defendant in at

least four other similar lawsuits that have been consolidated in the Circuit Court of Sanilac County, Michigan. (*Id.*)

## III. DISCUSSION

Defendant urges the Court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) because "Plaintiffs have not demonstrated diversity jurisdiction" under CAFA. (ECF No. 8 at PageID.74.) Looking at the face of the Complaint, the Court has original jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(1). Defendant contends, however, that CAFA's home state exception, 28 U.S.C. § 1332(d)(4)(B), strips the Court of jurisdiction.

First, CAFA specifies that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [there is minimal diversity]." 28 U.S.C. § 1332(d)(2). As indicated by Plaintiffs' Complaint, the amount in controversy exceeds $5,000,000 and at least some Class members are citizens of a different state other than the Defendant. (ECF No. 1 at PageID.29.) Second, implicit in Congress' use of "decline" in subsection (d)(4) of 28 U.S.C. § 1332 is that the Court has jurisdiction in the first instance because a court cannot decline jurisdiction it does not have. *See Clark*, 562 App'x at 465; *see also Graphic Commc'ns Loc.1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011). However, once a Court finds that an

exception under section 1332(d)(4)(A) or (B) applies, they are required to decline jurisdiction. *Clark*, 562 App'x at 465. Even still, the exceptions are not jurisdictional. *Id*

Congress enacted CAFA "in response to 'perceived abuse practiced by plaintiffs and their attorneys in litigating major class actions with interstate features in state courts.'" *Mason*, 842 F.3d at 386 (quoting *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009)). While CAFA "loosened" the diversity jurisdiction requirements for class action cases, *id.*, Congress created exceptions to ensure state courts can adjudicate class actions that are truly local, S. Rep. No. 109-14 (2005). These two exceptions include the "local controversy" and "home state" exception. The home state exception applies when two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Congress drafted these narrow exceptions to ensure that CAFA does not become a "jurisdictional loophole" that could be exploited. *See* S. Rep. No. 109-14 (2005).

Defendant argues that the home state exception applies because Defendant and greater than two-thirds of the proposed class are citizens of Michigan. Fortunately for the Defendant, the residency characteristics of the proposed class members are especially helpful in guiding this Court's decision here. At the same

time, the Court will not conclude that it lacks subject matter jurisdiction due to CAFA's home state controversy exception. It would be an error to do so. The Court finds that there is no dispute that the jurisdictional requirements were initially satisfied.

Without providing any authority supporting its position, Plaintiffs contend that CAFA exceptions don't apply here because the case was not removed from state court. They assert that section 1332(d)(4) of CAFA "does not supply any vehicle for the Court to terminate the action." (ECF No. 9 at PageID.321.) 28 U.S.C. § 1332(d)(4) does not only apply to cases removed to federal courts, nor does it seem like Congress intended it to be — instead the statute only requires a court to limit the exercise of jurisdiction granted to it. CAFA "exceptions have been routinely applied in cases originally filed in federal court, including precedential decisions from the Second and Fifth Circuits." *Ellis v. Montgomery Cnty.*, 267 F. Supp. 3d 510, 515 (E.D. Pa. 2017) (citing *Gold*, 730 F.3d at 141; *Hollinger v. Home State Mut. Ins.*, Co. 654 F.3d 564, 571 n.6 (5th Cir. 2011). The *Hollinger* court observed that CAFA exceptions warrant the same analysis for motions to remand and motions to dismiss alike. *Hollinger*, 654 F.3d at 571.

This Court finds the home state exception applicable here. As the record reflects, 36,143 of the 37,737 individuals potentially impacted by the cybersecurity breach reside in Michigan. (ECF No. 8-3 at PageID.110.) That means

approximately 95.77% of putative class members — which is obviously more than two-thirds — are likely Michigan residents. Plaintiffs offer neither argument nor evidence to contradict this. The record undermines Plaintiffs' contention that they seek to represent a "[n]ationwide [c]lass of persons" which include those "who received a Data Breach notification from Defendant." (ECF No. 1 at PageID.30.) As "two-thirds or more of the members of all proposed plaintiff classes in the aggregate" and Defendant "are citizens of the State in which the action was originally filed[,]" the home state exception applies. *See* 28 U.S.C. § 1332(d)(4)(B). In that instance, this Court must decline to exercise jurisdiction over the matter. The Court finds it unnecessary to consider Defendant's additional arguments.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 8) is **GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 4, 2026